UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ABDOURAHMANE BOMOU,

                Petitioner,

v.

UNKNOWN PARTY,

                Respondent.

_____/

Case No. 1:26-cv-1765

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an Order entered on June 10, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondent filed his response and a recording of the

April 17, 2026, bond hearing on June 15, 2026, (Resp., ECF No. 6; Recording of Apr. 17, 2026, Bond Hearing, filed on June 15, 2026).

## II.    Factual Background

Petitioner entered the United States in 2023. (Pet., ECF No. 1, PageID.6.) On July 29, 2025, ICE arrested Petitioner. (*Id.*, PageID.4.) On March 30, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Bomou v. Raycraft* (*Bomou I*), No. 1:26-cv-1042 (W.D. Mich.). In *Bomou I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Bomou I*, (W.D. Mich. Apr. 13, 2026), (ECF Nos. 5, 6).

On April 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the April 17, 2026, hearing, the immigration judge, in a written order, denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk. A different immigration judge has already ordered [Petitioner] deported, although that decision in [*sic*] currently on appeal. Furthermore, respondent is a recent illegal entrant, and has very little ties to the United States, and owns no property in the United States." (Immigration Judge Order, ECF No. 1-1, PageID.17.)

## III.    Analysis

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 23, 2026                         /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge